Hazel **KIMBLE** and Ronald Kimble, Plaintiffs,

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, and Greater Atlantic Health Services, Defendants.**

**Civ. A. No. 93–CV–1569.**

United States District Court, E.D. Pennsylvania.

July 12, 1993.

---

Richard L. Newman, Law Offices of Jerome Taylor, Philadelphia, PA, for plaintiff.

Thomas H. Kohn, Sagot, Jennings & Sigmond, Independence Square, Philadelphia, PA, for International Broth.

Carl Sottosanti, Frank C. Sabatino, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Teamsters.

Anthony E. Creato, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, PA, for Greater Atlantic.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

### I. Introduction

The relevant facts of this case are not in dispute. Ronald Kimble is a member of the Teamsters Health and Welfare Fund of Philadelphia and Vicinity (Fund) and Hazel, his wife, is covered as a dependent. The Fund is a multi-employer benefit plan established pursuant to the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), and the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The fund exists for the sole purpose of providing medical benefits to its members and their dependents. Greater Atlantic Health Services (GAHS), a Health Maintenance Organization also subject to ERISA's mandates, also provides primary medical coverage for Hazel by virtue of her employment with Graduate Hospital.

Hazel underwent two separate medical procedures, and she subsequently filed her claim with GAHS to cover the medical expenses. GAHS refused, however, to provide coverage citing the Kimble's failure to use the plan's designated providers or hospitals. The Kimbles then filed their claim with the Fund who in turn also refused coverage. The Fund cited their plan's provisions which stipulates that the Fund would not provide primary coverage to a dependent who had waived primary coverage under any other plan.

Both the Fund and GAHS informed the Kimbles in writing of their refusals to cover medical costs and the proper procedures by which to appeal those decisions. The Kimbles initiated appeals with both the Fund and GAHS but abandoned the process before either appeals could be completed. Pursuant to the Fund's procedure, an appeal is first reviewed by the Claims Review Committee, then by the Board of Trustees, and then if still disappointed, applicants may challenge the denial through binding arbitration. The Kimbles appealed no further than the Claims Review Committee. Similarly, GAHS has a two-level grievance procedure. The Kimbles initiated but did not finish the first level.

Plaintiffs instead filed this action in the Court of Common Pleas of Philadelphia County on February 11, 1993, seeking to recover medical expenses from the Fund and GAHS. The Court of Common Pleas removed the action to this Court based on federal question jurisdiction under ERISA. Defendants, both the Fund and GAHS, subsequently moved to dismiss the complaint or, in the alternative, for summary judgment for failure to exhaust administrative remedies demanded under ERISA. Upon consideration of the motions, this Court, by order dated 25 May 1993, directed that all motions would be treated as motions for summary judgment and granted both parties leave to submit additional materials pertinent to their respective positions.

### II. Standard

Rule 56(c), Fed.R.Civ.P., mandates a summary judgment against a party who fails to sufficiently establish the existence of an es-

sential element to that party's case and which that party has the burden of proving. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party bears the initial responsibility of demonstrating an absence of material fact. *Id.* at 323, 106 S.Ct. at 2552. Once the moving party meets the initial burden, the non-moving party must go beyond the pleadings to prove that a genuine issue of material fact exists in order to avoid a summary judgment. *Id.* at 324, 106 S.Ct. at 2553.

## III. *Discussion*

Except in limited circumstances, courts will not entertain an ERISA claim unless the plaintiff has exhausted all administrative remedies available under the respective plan. *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d.Cir.1990). However, this Court has recognized an exception to the exhaustion requirement when resort to administrative remedies would prove to be futile. *Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.*, 776 F.Supp. 181, 187 (E.D.Pa.1991); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir.1990).[1]

Thus, in order to qualify for the futility exception and avoid the Defendants' motions for summary judgment, the Kimbles must show that it is certain that their claim will be denied on appeal, not merely that they doubt an appeal will change the decision. *Smith v. Blue Cross & Blue Shield United*, 959 F.2d 655, 659 (7th Cir.1992); *Tomczyscyn v. Teamsters, Local 115 Health & Welfare*, 590 F.Supp. 211, 216 (E.D.Pa.1984) (plaintiffs must prove that the trustees' position had become so fixed that an appeal would serve no purpose).

In *Berger*, 911 F.2d at 917, the Third Circuit affirmed the district court's decision to except the employees from ERISA's exhaustion requirement because of the futility of the administrative procedures. There, the employees brought suit under ERISA claiming that the employer denied them applica-tion to the company's pension plan. In applying the futility exception, the court found that 1) denial of pension plan applications was a fixed policy; 2) the employer failed, even after specific request, to provide a written notice of the specific reasons for the denial; 3) a member of the employer's pension board testified that any administrative measures would be futile; and 4) the employers acted reasonably in seeking judicial remedy. *Id.* at 916–917; *compare Tomczyscyn v. Teamsters, Local 115 Health & Welfare*, 590 F.Supp. 211, 216 (E.D.Pa.1984) (court held that the employer's denial letter did not sufficiently suggest that the trustees would deny further appeal).

In contrast, the Kimbles submitted the Fund's and GAHS' denial letters as conclusive evidence that further administrative procedures would be futile. We disagree. The Fund's denial letter detailed why the Fund denied the Kimbles medical coverage. It also described the appeals process and specifically suggested to the Kimbles that they should first exhaust their administrative remedies before seeking judicial review. Similarly, GAHS' denial letter clearly stated why it refused the Kimble's claim. Although the letter did not mention GAHS' grievance process, the process is clearly explained in the policy given to the Kimbles.

The Kimbles have submitted no other evidence other than the letters, and the letters, even when viewed in a light most favorable to the Kimbles, clearly do not persuade this court that further appeals with the Fund and GAHS would be futile. Thus, ERISA requires the Kimbles to exhaust any administrative remedies before seeking judicial intervention. Therefore, the Defendants' motion for summary judgment must be granted.

## ORDER

AND NOW, this 12th day of July 1993, upon consideration of the Motion for Summary Judgment submitted by the Defendants, International Brotherhood of Teamsters, Teamsters Health and Welfare Fund

---

1. Although the Plaintiffs have not alleged anything further, two other exceptions exist: if the claimant is threatened with irreparable harm; or if the claimant has been denied meaningful access to the plan's administrative procedures. *Tomczyscyn v. Teamsters, Local 115 Health & Welfare*, 590 F.Supp. 211, 213 (E.D.Pa.1984).

948

of Philadelphia and Vicinity and Greater Atlantic Health Services, and the Plaintiffs' response thereto, it is hereby ORDERED that the Defendants' Motion for Summary Judgment is Granted.