### Catherine THOMAS

v.

### KEMPER NATIONAL INSURANCE COMPANIES and Lumbermens Mutual Casualty Company.

### No. CIV.A. 96-5553.

United States District Court, E.D. Pennsylvania.

Nov. 25, 1997.

Lawrence H. Cohn, Lawrence H. Cohn Law Offices, Chester, PA, for Plaintiff.

Kirk T. Karaszkiewicz, Kirk T. Karaszkiewicz & Assoc., Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendants, Kemper National Insurance Companies and Lumbermens Mutual Casualty Company have filed a motion for summary judgment in this ERISA action. For the reasons set forth below, the motion shall be granted.

### Factual Background

Plaintiff, Catherine Thomas was a full-time employee with Lumbermens Mutual Casualty Company ("Lumbermens")[1] from 1984

---

**1.** As set forth in ¶ 2 of its Answer to Plaintiff's First Amended Complaint and in its brief in support of this motion for summary judgment, "Kemper National Insurance Companies" is sim-

through August 27, 1991 when she injured her neck and back in an automobile accident. (Exhibit 1, p. 31). As a result of these and the injuries which she sustained in a second accident on October 7, 1991, plaintiff was unable to return to her job as a CLSU Supervisor. She thus applied for and received salary continuation benefits through late October, 1991 under defendant's employee benefits plan. (Exhibit 1, 74–76, 85–121).

On or about November 13, 1991, plaintiff applied for long term disability benefits through Lumbermens' Long Term Disability Plan. (Exhibit 1, 133–135). Under this plan, plaintiff had a continuing obligation to keep defendants informed of her continuing disability by having her treating doctor(s) provide certifications that she continued to be disabled. (Exhibit 1, 135–136). As Lumbermens received no such physician certification from any of plaintiff's physicians after February, 1992, it terminated plaintiff's long term disability benefits as of August 29, 1992. (Defendants' Answer to Amended Complaint, ¶ 10; Exhibit 1, 166, 174–176, 188–189, 228–235, 253–254, 261–262; Exhibits 2, 3A–M). Plaintiff did not make any request for review of the termination of her long term disability benefits, but instead commenced this lawsuit to recover these benefits pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.[2]

### Standards Applicable to Motions for Summary Judgment

The legal standards to be followed by the district courts in resolving motions for summary judgment are outlined in Fed.R.Civ.P. 56. Subsection (c) of that rule states, in pertinent part,

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Under this Rule, the court is required to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.,* 838 F.2d 1287 (D.C.Cir.1988), *cert. denied,* 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). *See Also: Aries Realty, Inc. v. AGS Columbia Associates,* 751 F.Supp. 444 (S.D.N.Y.1990). The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In considering a summary judgment motion, the court must view the facts in the light most favorable to the party opposing the motion and all reasonable inferences from the facts must be drawn in favor of that party as well. *U.S. v. Kensington Hospital,* 760 F.Supp. 1120 (E.D.Pa.1991); *Schillachi v. Flying Dutchman Motorcycle Club,* 751 F.Supp. 1169 (E.D.Pa.1990). When, however, "a motion for summary judgment is made and supported [by affidavits or otherwise], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, may be entered against [it]." Fed.R.Civ.P. 56(e).

ply a trade name and does not exist as a separate or independent legal entity. For this reason, defendants shall be referred to throughout this Memorandum as "Lumbermens" or "Lumbermens Mutual Casualty Company."

**2.** Plaintiff originally brought suit on July 15, 1996 in the Court of Common Pleas of Philadelphia County for breach of contract. The action was thereafter removed to this Court on August 9, 1996 and, in response to defendant's motion to dismiss, plaintiff filed an amended complaint pursuant to ERISA on September 4, 1996.

### Discussion

By way of the instant motion, defendants contend that summary judgment is now appropriately entered in their favor because (1) plaintiff failed to exhaust her available administrative remedies and (2) even if her available remedies had been exhausted, the decision to terminate her benefits was neither arbitrary nor capricious. In response, plaintiff contends that because defendants' notice denying her continued disability benefits did not mention an appeals process or further administrative remedies with the clarity required by 29 CFR § 2560.503–1(f), she was unaware that she was required to exhaust her administrative remedies. Ms. Thomas additionally argues that her disability claim was not predicated upon only one of her treating physicians certifying that she was disabled. Rather, plaintiff claims her disability claim was based upon the totality of her various injuries and overall medical condition for which she was treating with several physicians and thus she should not have been denied long term disability benefits.

### A.  *Appropriate Standard of Review*

ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989) quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983) and *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985). As noted above, plaintiff brought this suit pursuant to 29 U.S.C. § 1132. That section states, in pertinent part:

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;  . . .

As is clear from this section, ERISA explicitly authorizes suits against fiduciaries and plan administrators to remedy statutory violations, including breaches of fiduciary duty and lack of compliance with benefit plans. *See: Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 52–54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987). As the validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan at issue, a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone*, 489 U.S. at 115, 109 S.Ct. at 956; *Abnathya v. Hoffmann–La Roche, Inc.*, 2 F.3d 40, 44–45 (3rd Cir.1993); *Moats v. United Mine Workers of America*, 981 F.2d 685, 687 (3rd Cir.1992).

■■ Discretionary authority may be found where a plan gives an administrator, fiduciary and/or benefits committee power to interpret and construe the plan, to make and enforce rules under the plan, to administer the plan and to determine all questions relating to eligibility. *See Nazay v. Miller*, 949 F.2d 1323, 1335 (3rd Cir.1991); *Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 119, n. 5 (3rd Cir.1990); *Rizzo v. Paul Revere Ins. Group*, 925 F.Supp. 302, 310 (D.N.J. 1996), *aff'd* 111 F.3d 127 (3rd Cir.1997); *Scarinci v. Ciccia*, 880 F.Supp. 359, 364 (E.D.Pa.1995). The mere fact that an employer acts as the administrator of its own ERISA plan is not significant enough, without more, to warrant a heightened standard of review. *Scarinci*, 880 F.Supp. at 364–365, citing *inter alia, Abnathya*, 2 F.3d at 45, n. 5, *Jordan v. Retirement Committee of Rensselaer Polytechnic Institute*, 46 F.3d 1264, 1274 (2d Cir.1995).[3]

---

3.  As the Fourth Circuit Court of Appeals in *Haley v. Paul Revere Life Ins. Co.*, 77 F.3d 84, 88 (4th Cir.1996) observed:

"In sum, when reviewing an ERISA plan administrator's decision to grant or deny plan benefits, a court must first decide *de novo*, whether the plan's language prescribes the benefit or whether it confers discretion on the administrator to determine the benefit. If the plan confers discretion, the court must decide, again *de novo*, whether the administrator, in making its determination, acted within the

■ Applying these principles to Lumbermens' motion for summary judgment here and before applying the arbitrary and capricious standard of review which defendants urge, we must first scrutinize the language of the disability plan to ascertain whether it confers discretion upon its administrator to determine benefits. *Haley, supra.* In reviewing the record in this case, however, we find it does not contain a copy of the long-term disability plan at issue. To the contrary, the only plan document included in the record before us is a five-page summary description [4] of the plan which has been made part of Exhibit "2" to Defendants' Exhibits in Support of Motion for Summary Judgment. That summary description is silent as to whether there is a plan administrator or who or what entity is charged with the responsibility of determining eligibility for benefits, making and enforcing rules relating to and interpreting the plan and/or resolving any conflicts arising thereunder. In short, there is no evidence from which we can determine whether the plan confers discretionary authority on an administrator or fiduciary. Without this evidence, this Court cannot determine (under either a de novo or arbitrary and capricious standard of review) whether plaintiff's application for long term disability benefits was properly denied nor can we even make the threshold determination of which standard of review to apply. Defendants' motion for summary judgment on this basis must therefore be denied.

### B. *Exhaustion of Administrative Remedies*

Section 503 of ERISA, 29 U.S.C. § 1133 requires benefit plans to provide administrative remedies for participants whose claims for benefits have been denied. *Molnar v. Wibbelt,* 789 F.2d 244, 250, n. 3 (3rd Cir. 1986). Specifically, that Section states:

In accordance with regulations of the Secretary, every employee benefit plan shall—

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

In furtherance of the directive contained in § 503, 29 CFR § 2560.503–1 was promulgated. Under this regulation, every employee benefit plan is obligated to establish a reasonable procedure for consideration of claims for plan benefits and, where applicable, review of claim denials. 29 CFR § 2560.503–1(a)–(b). If a claim is denied in whole or in part, notice of the decision must be furnished within 90 days after receipt of the claim unless special circumstances require an extension of time for processing the claim. 29 CFR § 2560.503–1(e). This claim denial notice must be written and must: (1) state the specific reason(s) for the denial; (2) give specific reference to the pertinent plan provisions on which the decision to deny was based; (3) include a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and (4) provide appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review. 29 CFR § 2560.503–1(f).

Additionally, under 29 CFR § 2560.503–1(g), every plan must establish and maintain a procedure by which a claimant or his duly authorized representative has a reasonable opportunity to appeal a denied claim and under which a full and fair review of the claim and its denial may be obtained. A decision on the appeal is to be made promptly by the appropriate named fiduciary, which

---

scope of that discretion. And, finally, if the plan administrator's decision falls within the scope of the administrator's contractually conferred discretion, the court may review the merits of an administrator's decision only for an abuse of discretion ..."

4. Under 29 U.S.C. § 1022, a summary plan description of any employee benefit plan is also to be furnished to participants and beneficiaries in a form written in a manner calculated to be understood by the average plan participant. *See Also:* 29 U.S.C. § 1024.

**890**

generally requires that a decision be rendered within 60 days of receipt of the request for review. 29 CFR § 2560.503–1(h).

■ ERISA does not, by its terms, mandate exhaustion of these required administrative remedies prior to instituting suits for denial of benefits. However, in an effort to promote the goals intended by Congress when the Act was drafted, the exhaustion doctrine is generally applied to such cases before plaintiffs are allowed to sue under ERISA. *Snow v. Borden, Inc.*, 802 F.Supp. 550, 557 (D.Me.1992). *See Also: Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3rd Cir.1990); *Wolf v. National Shopmen Pension Fund*, 728 F.2d 182, 184 (3rd Cir.1984); *Kimble v. International Brotherhood of Teamsters*, 826 F.Supp. 945, 947 (E.D.Pa.1993). Thus, unless the claim alleges a statutory violation rather than a mere denial of benefits under an ERISA plan or it can be shown that exhaustion of administrative remedies would prove futile or the remedy inadequate, exhaustion of remedies is a pre-requisite to maintaining an action for denial of benefits under ERISA. *Unger v. U.S. West, Inc.*, 889 F.Supp. 419, 423 (D.Colo.1995), citing *Bird v. Shearson Lehman/American Express, Inc.*, 926 F.2d 116 (2nd Cir.1991); *Held v. Manufacturers Hanover Leasing Corporation*, 912 F.2d 1197 (10th Cir.1990), *Amaro v. Continental Can Company*, 724 F.2d 747 (9th Cir.1984), *Kross v. Western Electric Company, Inc.*, 701 F.2d 1238 (7th Cir.1983); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3rd Cir.1990); *Bryn Mawr Hospital v. Coatesville Electric Supply Co.*, 776 F.Supp. 181, 187 (E.D.Pa.1991).

■ In this case, the record reflects that Lumbermens sent plaintiff no fewer than three letters between May and July, 1992 reminding her that the long term disability plan required that she periodically provide a current statement of continuing disability which must be completed and certified by her attending physician and/or the physician who was declaring her to be totally disabled. (Defendants' Exhibit 2). The record also demonstrates that, despite Lumbermens' numerous requests for these medical certifications, it received no such disability certifications for plaintiff after Dr. Repice's certification of October 15, 1991 which declared plaintiff disabled through January 31, 199[2]. (Exhibit 2).

Nevertheless, defendants did not discontinue plaintiff's disability benefits until August 31, 1992. (Exhibit 2). At that time, plaintiff's counsel received a letter from the manager of defendants' employee claim department citing the definition of total disability under the plan, explaining that the decision had been made to terminate plaintiff's benefits because no medical certification of continuing disability had been provided and concluding with the following notation:

> "If you have any questions or additional information which may affect our decision, please feel free to contact Nancy White at (708) 540–2492 in this office as soon as possible.

> If, after discussing this claim with Nancy, you still dispute the decision that has been made, Ms. Thomas may make a written request for a review of her claim. The request must be made within 90 days after this initial denial and should be addressed to the Employee Group Claim Manager, One Kemper Drive, K–1, Long Grove, Illinois 60049–0001."

(Exhibit 3F)

These concluding paragraphs echo the Claims Review Procedure set forth at length on page 4 of the Summary Description of the Plan. (Exhibit 2). Plaintiff testified that she received the summary description and was aware of the plan's requirement for medical verification of continuing disability. While plaintiff testified that she requested her physicians to certify her disability, she has no knowledge that they ever did so after January 31, 1992. (Exhibit 1, 31–34, 84–86, 98–104, 135–136, 164–166, 174–176, 188–189, 228–230, 234–236, 264). In fact, plaintiff testified that, as of August, 1992, she knew that her treating physicians had specifically not disabled her and that her benefits were being terminated for this reason. (Exhibit 1, 253–256, 261–263). We thus find that defendants provided plaintiff with sufficient notice of the decision denying her benefits and the procedure for obtaining review of that decision

under § 503 of ERISA and 29 CFR § 2560.503–1.

Plaintiff does not contend that she ever requested a review of defendants' decision. (Pl's Response to Defendants' Motion for Summary Judgment, ¶ 2) Indeed, Ms. Thomas testified that despite having had numerous conversations with Nancy White and having discussed her benefits termination with her attorney, she did nothing to appeal or obtain a review of Lumbermens' decision to terminate her disability benefits. While it was plaintiff's understanding that her lawyer was going to contact the company, she has no knowledge that he ever did so or of whether he made a written request for a review of the denial. (Exhibit 1, 245–249, 261–272, 280). By her own admission, plaintiff "just didn't deal with it …" and instead "just laid down and pulled the covers over my head." (Exhibit 1, 263, 271–272, 334).

It further is evident from the affidavit of Nancy White and the correspondence between the parties attached to Defendants' motion as Exhibits 2 and 3 that no request for review of the decision terminating plaintiff's disability benefits of any kind was ever made on her behalf and that neither plaintiff nor her counsel ever attempted to provide defendants with any additional information, as requested. Consequently, we can reach no other conclusion but that plaintiff did not exhaust the administrative remedies available to her and that she is therefore precluded from pursuing this ERISA action. For this reason, summary judgment shall therefore be entered in favor of defendants.