**Sandra PATERSON, Plaintiff,**

**v.**

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**No. CIV.A.03–95J.**

United States District Court,
W.D. Pennsylvania.

July 21, 2004.

Gregory G. Paul, Peirce Law Offices, Pittsburgh, PA, for Plaintiff.

William James Rogers, Thomson, Rhodes & Cowie, Pittsburgh, PA, for Defendant.

## *MEMORANDUM OPINION AND ORDER OF COURT*

GIBSON, District Judge.

### OVERVIEW

This case is before the Court on a Motion for Summary Judgment filed by the Defendant, Metropolitan Life Insurance Company. The original complaint arose from a claim for reinstatement of benefits under the Employee Retirement Income Security Act (ERISA). For the purposes of this motion in accordance with Local Rule of Court 56.1 E, the Court will accept as true all facts not in material dispute and will make any necessary inferences in favor of the nonmoving party. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 29 U.S.C. § 1132(e)(1). For the reasons set forth within, the Defendant's Motion for Summary Judgment is denied.

### BACKGROUND

Plaintiff, Sandra Paterson, was employed by Metropolitan Life Insurance Company from 1989 through 1998 as a general clerk. Statement of Material Fact not in Dispute (hereinafter "Statement") #1. As a benefit of her employment,

Plaintiff became a participant in MetLife, an employee benefit that provided, *inter alia,* monthly benefits in the event of disability. Statement # 2. On or about January 29, 1998, Plaintiff became disabled due to multiple medical conditions and began to receive benefits under the plan. Statement # 3. On August 7, 1998, MetLife notified Plaintiff that it was discontinuing her disability benefits, on the ground that there was no documentation to support the existence of a totally disabling condition as defined in the plan. Statement # 4. Plaintiff appealed the decision to deny benefits, which was upheld by letter dated May 4, 1999. Statement # 5. Plaintiff filed the present action on May 1, 2003. Statement # 6.[1]

## ANALYSIS

Summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. For the purposes of this motion, there are no genuine issues of material fact. The only issue to be decided is a matter of law: Whether the statute of limitations clock began to run at the time of the initial denial of benefits as the Defendant posits or after the final determination?

ERISA does not contain an explicit statute of limitations for non-fiduciary claims such as this one. 29 U.S.C. § 1132. It has been accepted that when a federal cause of action does not contain a statute of limitations, the Court may 'absorb' the local time limitation most analogous to the case at hand. *Gluck v. Unisys Corporation,* 960 F.2d 1168, 1179 (3rd Cir.1992)(quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 355, 111 S.Ct. 2773, 2778, 115 L.Ed.2d 321 (1991) (superceded by statute on other

grounds)). The Circuit pointed out that, "[D]iffering factual situations require consideration of varying periods, and the controlling limitations period ... should not be 'rotely' applied." *Henglein v. Colt Industries Operating Corp.* 260 F.3d 201, 214 (3rd Cir.2001)(quoting *Gluck v. Unisys Corporation,* 960 F.2d 1168, 1179–82 (3rd Cir.1992)). ERISA claims which seek to recover benefits that were bargained for most closely resemble contract actions in Pennsylvania. *Gluck v. Unisys Corporation,* 960 F.2d 1168, 1181 (3rd Cir.1992). Both parties agree that four years is the proper length of the limitations period in this case. *Id.See also,* Defendant's Brief and Plaintiff's Brief; 42 Pa.C.S.A. § 5525. There is however, scant precedential evidence as to when the clock begins to run on this four year statute of limitations period.

The Third Circuit has established that the statute of limitations is, "measured from the time when a claimant first knows that the benefit has been infringed or removed." *Gluck* at 1181. *Gluck* concerned the loss of benefits under an employee retirement plan that was amended and then later merged with another plan after the merger of the two corporations who administered the respective plans. *Gluck* at 1172–1175. The *Gluck* court concluded that the Pennsylvania four year statute of limitations applied to actions "to recover benefits that were bargained for but have not yet become payable...." *Gluck* at 1181.

In the case sub judice, the Defendant argues that the Plaintiff knew that her benefit was infringed or removed in August of 1998, and that the notice sent to her at that time amounted to an outright repudiation of her benefits. The Court disagrees.

---

1. These facts do not constitute the complete statement submitted by the movant but rather encompass what the respondent has essentially admitted to in part as the parties disagree as to whether the Complaint was timely filed.

On August 7, 1998, the Plaintiff received notice that her benefits would be discontinued because of a lack of evidence of her continued disability. In the months that followed, the Plaintiff was given the opportunity to submit medical evidence in support of her claim. Statement of Material Facts, Exhibit A. Because she submitted records and doctors' testimony, it can be inferred reasonably that the Plaintiff did not know that her benefits would be removed permanently.

The August 1998 notice was not an outright repudiation. That term implies a final decision without further review. Instead, MetLife issued a determination on December 10, 1998 to disallow benefits, instructed the Plaintiff to submit further evidence in March, 1999 and issued a final determination in May of 1999. *Id.* at p. 2. Therefore, the Court finds that the statute of limitations period did not begin until May of 1999 when the Defendant issued its final decision which stated that it "constitutes completion of the full and fair review required by your Plan." *Id.* at p. 2.

The District Court for the Eastern District of Pennsylvania has reached the same conclusion. In the matter of *Thomas v. Kemper National Insurance Companies,* 984 F.Supp. 885 (E.D.Pa.1997), Judge Joyner concluded that the failure of the plaintiff to exhaust administrative remedies prevented the plaintiff from prosecuting an ERISA action. *Thomas* at 891. Judge Joyner wrote:

> ERISA does not, by its terms, mandate exhaustion of these required administrative remedies prior to instituting

suits for denial of benefits. However, in an effort to promote the goals intended by Congress when the Act was drafted, the exhaustion doctrine is generally applied to such cases before plaintiffs are allowed to sue under ERISA. *Snow v. Borden, Inc.,* 802 F.Supp. 550, 557 (D.Me.1992). *See Also: Weldon v. Kraft, Inc.,* 896 F.2d 793, 800 (3rd Cir. 1990); *Wolf v. National Shopmen Pension Fund,* 728 F.2d 182, 184 (3rd Cir. 1984); *Kimble v. International Brotherhood of Teamsters,* 826 F.Supp. 945, 947 (E.D.Pa.1993). Thus, unless the claim alleges a statutory violation rather than a mere denial of benefits under an ERISA plan or it can be shown that exhaustion of administrative remedies would prove futile or the remedy inadequate, exhaustion of remedies is a prerequisite to maintaining an action for denial of benefits under ERISA. *Unger v. U.S. West, Inc.,* 889 F.Supp. 419, 423 (D.Colo.1995), citing *Bird v. Shearson Lehman/American Express, Inc.,* 926 F.2d 116 (2nd Cir.1991); *Held v. Manufacturers Hanover Leasing Corporation,* 912 F.2d 1197 (10th Cir.1990), *Amaro v. Continental Can Company,* 724 F.2d 747 (9th Cir.1984), *Kross v. Western Electric Company, Inc.,* 701 F.2d 1238 (7th Cir.1983); *Berger v. Edgewater Steel Co.,* 911 F.2d 911, 916 (3rd Cir. 1990); *Bryn Mawr Hospital v. Coatesville Electric Supply Co.,* 776 F.Supp. 181, 187 (E.D.Pa.1991).

*Thomas v. Kemper National Insurance Companies,* 984 F.Supp. 885, 890 (E.D.Pa. 1997).[2] The plaintiff was denied long term

---

**2.** In the case before this Court the Plaintiff originally filed a three count complaint against the Defendants, but Counts II and III were dismissed upon consent of Plaintiff's counsel. Count II alleged breach of fiduciary duty but appeared to be a re-statement of Count I's claim for benefits; Count II alleged failure to provide information under 29 U.S.C. § 1132 and for penalties thereunder.

Since these counts are no longer part of the case, the Court is only addressing the need to pursue administrative remedies with regard to a claim for benefits under 29 U.S.C. § 1132. However, even if a claim existed in the case *sub judice* that was based upon a statutory violation instead of a claim for benefits, the Court would still conclude that the

disability benefits after having received them for approximately ten and one half months, while only being certified by her physicians as being totally disabled for three and one half months. *Thomas* at 890. After notification of the termination of benefits was sent to the plaintiff's attorney, the plaintiff took no action to appeal the decision or direct her attorney to file an appeal in writing. *Thomas* at 890–891. Judge Joyner concluded that the plaintiff's claim should be denied for failure to exhaust administrative remedies. *Thomas* at 891.

In the case *sub judice*, if the Plaintiff had filed this action based upon the August 1998 notice from Defendant, the Defendant could have properly raised the issue that Plaintiff had not exhausted her administrative remedies pursuant to the reasoning set forth in *Thomas* and therefore Plaintiff's ERISA claim should be dismissed.

The requirement that the statute of limitations period does not begin until a final determination is made by the employer also carries with it a measure of fairness to the parties. By tolling the limitation period until after the final determination, both parties are encouraged to move with reasonable diligence to reach a conclusion. The Plaintiff will have to act within a time period that can be instituted within the Plan's administrative process. Meanwhile, the Defendant does not gain an advantage by delaying the appeals process since that time would not count toward the statute of limitations period.

Therefore, the Plaintiff filed her complaint before the statute of limitations period had expired, and the Defendant's motion for summary judgment is denied.

**AND NOW**, this 21st day of July, 2004, upon consideration of Defendant's Motion for Summary Judgment, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment is DENIED.

time limitations for the claim for benefits would not begin until administrative remedies had been exhausted and the separate claims would have separate statutes of limitations.