**Edward DONAHEY, Plaintiff,**

**v.**

**CHILDS EQUIPMENT CO., INC., a Pennsylvania corporation; Childs Equipment Co., Inc. Profit Sharing Plan and Trust, a Pennsylvania pension plan; Monty Lilley, Trustee for the Childs Equipment Co., Inc. Profit Sharing Plan and Trust; and Patricia Lilley, Co–Trustee for the Childs Equipment Co., Inc. Profit Sharing Plan and Trust, Defendants.**

**Civ. A. No. 91–814.**

United States District Court,
W.D. Pennsylvania.

Oct. 1, 1992.

William I. Negle, Pittsburgh, PA, for plaintiff.

Breckinridge Willcox, Washington, DC, for defendants Monty Lilley & Childs Equipment Co., Inc.

J. Alan Johnson, Pittsburgh, PA, for defendant Childs Equipment Co., Inc. Profit Sharing Plan.

Patricia Lilley, pro se defendant.

MEMORANDUM OPINION

BLOCH, District Judge.

This action involves the claim of plaintiff Edward Donahey that Childs Equipment Co., Inc. Profit Sharing Plan and Trust (the Plan) failed to pay him benefits due and owing to him according to its terms. Additionally, plaintiff has alleged that the trustees, Monty and Patricia Lilley have breached their fiduciary duty to him, causing the failure to pay benefits.

The instant action was stayed as to defendant Childs Equipment Co., Inc. (the Company), on September 3, 1991, as a re-

---

sult of a petition in bankruptcy filed by defendant the Company. A final judgment was entered against defendant Patricia Lilley for failure to answer or otherwise respond to the amended complaint which named her on December 2, 1991. On February 19, 1992, this Court entered its findings of fact and conclusions of law as to defendant the Plan, and awarded plaintiff $200.39, representing plaintiff's pro-rata share of the Plan's value as of December 31, 1990. The action against the final defendant, Monty Lilley, was stayed by order dated December 22, 1991, based upon defendant Monty Lilley asserting his fifth amendment rights during discovery as a result of a pending criminal investigation. On June 24, 1992, the criminal investigation against defendant Monty Lilley concluded with the defendant's entry of a guilty plea in the case of *United States v. Monty Lilley*, Criminal No. S–92–0268. As a result, the stay was lifted by this Court on September 11, 1992. Plaintiff's motion for summary judgment, filed on September 10, 1992, is presently before the Court.

Defendant Monty Lilley's activities, the reason for the instant action, are abhorrent. The stipulation of facts contained within the plea agreement reached between the United States and Monty Lilley establishes that Monty Lilley virtually wiped out the Plan's funds by converting assets to his own personal use. Monty Lilley used the funds in the Plan to purchase the Company from its prior owner; to pay back rent owned by defendant Monty Lilley's real estate company; to pay back rent on his personal residence; to pay corporate debts of the Company; to make a deposit on the purchase of his personal residence; to pay the balance of the closing costs on his personal residence; and to purchase a $10,-000 Harley Davidson motorcycle. From the Plan's assets in excess of $3 million, defendant embezzled and willfully appropriated all except approximately $3,000.

The people harmed by Lilley's conduct are, of course, the Plan's beneficiaries. Plaintiff is one such beneficiary and is seeking a judgment against defendant Monty Lilley for the amount of money plaintiff had fully vested in the Plan, that is $85,731.[1] The question before the Court is whether plaintiff is entitled to a judgment against defendant Monty Lilley for that amount. The answer is no.

Before turning to a discussion of this question, certain undisputed facts should be stated. The Plan is a retirement plan governed by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* The Plan was adopted by the Company effective January 28, 1965, as amended on August 14, 1985. Plaintiff Edward Donahey was and continues to be a participant in the Plan. Plaintiff's account balance as of December 31, 1989, was $85,731, and was fully vested and not subject to forfeiture.

There is no doubt that plaintiff has the statutory authority to sue "in a representative capacity on behalf of the Plan as a whole." *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 142 n. 9, 105 S.Ct. 3085, 3090 n. 9, 87 L.Ed.2d 96 (1985); 29 U.S.C. § 1132(a)(2). Nonetheless, § 1132(a)(2) specifically incorporates § 1109 which allows liability for breach of fiduciary duty to accrue only to the Plan itself, not the participants suing in their individual capacities. 29 U.S.C. § 1109; *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1162 n. 7 (3d Cir.1990); *McMahon v. McDowell*, 794 F.2d 100, 109 (3d Cir.), *cert. denied*, 479 U.S. 971, 107 S.Ct. 473, 93 L.Ed.2d 417 (1986).

Although it is clear that plaintiff is not entitled to recover directly from a fiduciary under § 1132(a)(2) and § 1109, *see Hozier*, 908 F.2d at 1162 n. 9, plaintiff is asserting that "other civil enforcement vehicles are readily available under ERISA" which allow such direct recovery. (Plaintiff's response at 2). Specifically, plaintiff alleges

---

**1.** Of the total amount of money which plaintiff has been fully vested in the Plan, plaintiff has already received $200.39. In the findings of fact and conclusions of law issued by this Court on February 19, 1992, this Court ordered that

plaintiff is entitled to 2.7 percent of whatever monies are in or should have been in the Plan at the time of the valuation of plaintiff's benefits, December 31, 1990.

568

that § 1132(a)(1)(B) and § 1132(a)(3) are remedial provisions that justify a direct recovery from the trustee.[2]

■ This Court first examines the § 1132(a)(1)(B) claim. Section 1132(a)(1)(B) provides that a civil action may be brought "to recover benefits due to [the plaintiff] under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan." Claims made under this section are "personal in nature and seek to declare the plaintiff beneficiary's rights under the Plan...." *McMahon*, 794 F.2d at 109 (*quoting Livolsi v. R.A.M. Construction Co.*, 728 F.2d 600 (3d Cir.1984)); *Gruber v. Hubbard Bert Karle Weber, Inc.*, 675 F.Supp. 281, 283 (W.D.Pa.1987). In this suit, there is no dispute as to plaintiff's rights under the Plan or the amount of money plaintiff is entitled to. The present case transcends the individual claim and concerns the broader questions of the fundamental administration of the Plan. *Gruber*, 675 F.Supp. at 283. *See generally Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (§ 1132(a)(1)(B) action for denial of benefits based on Plan interpretation by trustee); *Hozier*, 908 F.2d at 1162–63 (§ 1132(a)(1)(B) action for interpretation of terms of defendants' severance plan). As stated by plaintiff in his brief in support of his motion for summary judgment, "[t]he only issue remaining for this Court to decide is whether the reduction to less than $10,000 of a pension fund which only a few years ago held more than $3 million was the result of a breach of fiduciary duty by the defendant, Monty Lilley." (Plaintiff's brief in support at ¶ 2).

The Third Circuit, in *McMahon, supra*, held that a claim for damages for breach of fiduciary duty, although styled as a § 1132(a)(1)(B) claim, can only be brought pursuant to § 1132(a)(2), and any damages recovered do "not go to any individual Plan participant or beneficiary, but inures to the benefit of the Plan as a whole." *McMa-*

*hon*, 794 F.2d at 109. *See also Hozier*, 908 F.2d at 1162. As such, this Court finds that § 1132(a)(1)(B) does not justify plaintiff's direct recovery of damages from the defendant trustee.

■ The second statutory provision alleged by plaintiff to justify direct recovery is § 1132(a)(3), which states that a civil action may be brought:

by a participant, beneficiary, or fiduciary ... to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter or the terms of the Plan.

29 U.S.C. § 1132(a)(3). Actions brought under this section are "more broad-based, drawing the Court's remedial focus to structural, systematic violations of the ERISA scheme." *Livolsi*, 728 F.2d at 602 (comparing § 1132(a)(3) claims with § 1132(a)(1)(B) claims). Just as the instant claim is not "personal in nature," neither is it "broad-based" in nature. In *Livolsi*, the Court found a § 1132(a)(3) claim because the plaintiffs were not beneficiaries of the Plan and plaintiffs were seeking an injunction prohibiting unlawful practices by the defendants. No such relief is sought in the instant case.

Instructive to this Court's holding that plaintiff is not entitled to direct recovery from the trustee is Judge Weber's holding in *Gruber, supra*. In *Gruber*, Judge Weber allowed plaintiffs to proceed with a direct recovery ERISA claim against defendant trustees. In support of this holding, Judge Weber pointed out two important facts: (1) the Plan in question was defunct, and (2) plaintiffs were class-certified as the beneficiaries. Judge Weber stated:

To deny plaintiffs relief ... would reward defendants for the thoroughness of their alleged mismanagement. If defendants wound the victim they may be sued, but kill it and the claim dies with it. Such a construction is absurd and insupportable.

In the absence of a functioning Plan, it is the class of beneficiaries and the

---

2. Both the Supreme Court and the Third Circuit have explicitly reserved ruling on a claim such as plaintiff's. *See, e.g., Russell*, 473 U.S. at 139

n. 5, 105 S.Ct. at 3088 n. 5; *Hozier*, 908 F.2d at 1162 n. 7.

rights under this Plan which represent the interests of the Plan for purposes of § [1109].... Because the present case presents not merely the claim of an individual to the exclusion of others, but the collective claims of the trust's beneficiaries, the relief sought would inure to the benefit of the Plan as a whole, even though no Plan technically exists.

*Gruber,* 675 F.Supp. at 284.

The instant case presents the exact opposite situation. Should plaintiff be granted direct recovery from the defendant, it would be to the exclusion of the other beneficiaries who await replenishment of the Plan's funds via the criminal sentence imposed. Indeed, the Plan still exists and plaintiff does not represent the class of beneficiaries. To award direct recovery to plaintiff would not promote "the best interests of the participants and beneficiaries" of the Plan. *Russell,* 473 U.S. at 158, 105 S.Ct. at 3098 (Brennan, J., concurring); *Chait v. Bernstein,* 835 F.2d 1017, 1027 (3d Cir.1987). Therefore, no such direct recovery will be ordered.

It is clear from the record, nonetheless, that defendant Monty Lilley breached his fiduciary duty to the Plan in violation of 29 U.S.C. § 1109. Because plaintiff's complaint was properly brought, in part, pursuant to 29 U.S.C. § 1132(a)(2) which invokes 29 U.S.C. § 1109, this Court will issue an order which enters judgment in favor of plaintiff and against defendant Monty Lilley. Defendant Monty Lilley will be ordered to make restitution to the Plan in the amount of $85,530.61. No direct recovery to plaintiff from defendant will be ordered.[3]

---

**3.** Still pending is plaintiff's petition for attorney's fees. This petition has been fully briefed and will be addressed by this Court at a later date.