### In re BLUE CROSS OF WESTERN PENNSYLVANIA LITIGATION.

### Civil Action No. 93–1591.

United States District Court,
W.D. Pennsylvania.

Sept. 5, 1996.

Alfred G. Yates, Pittsburgh, PA, Steve W. Berman, Clifford A. Cantor, Hagens & Berman, Seattle, WA, for Mark Tonn, Jon Kish, Frank W. Knisley.

Michael P. Malakoff, Ellen Doyle, Richard A. Finberg, Malakoff, Doyle & Finberg, Pittsburgh, PA, for Jon Kish, Frank W. Knisley, Paul F. Brown.

David J. Manogue, Howard A. Specter, Pittsburgh, PA, for Paul F. Brown.

J. Tomlinson Fort, Daniel E. Wille, Reed, Smith, Shaw & McClay, Pittsburgh, PA, for Veritus Inc., Blue Cross of Western Pennsylvania.

## MEMORANDUM

STANDISH, District Judge.

### I

In this civil action, plaintiffs, Jon Kish, Paul F. Brown and Frank W. Knisley, assert claims against defendant Veritus, Inc., d/b/a Blue Cross of Western Pennsylvania (Blue Cross), under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Presently before the court is defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, the motion will be denied.

## II

The procedural history of this case may be summarized as follows:

On September 28, 1993, plaintiff Mark Tonn filed a civil action against defendant Blue Cross in this court, asserting that federal jurisdiction exists under 29 U.S.C. § 1132 because plaintiff's action arises under ERISA.

On December 23, 1993, plaintiff and defendant filed a motion requesting an order consolidating plaintiff's action and a similar action by Paul F. Brown at Civil Action Docket No. 93–1720. The motion was granted and the actions were consolidated under the caption *"In Re Blue Cross of Western Pennsylvania Litigation."* On January 31, 1994, plaintiffs then filed a consolidated class action against defendant.[1]

On March 29, 1994, defendant filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), which this court denied without prejudice on October 3, 1994.

On January 10, 1995, defendant filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, asserting (1) that plaintiffs have failed to exhaust their administrative remedies under the terms of their employee benefit plans; (2) that defendant is not a proper party in an action claiming benefits or damages; and (3) that plaintiff's complaint seeks compensatory damages which are not recoverable under ERISA.

## III

In summary, plaintiff's complaint alleges the following facts:

Plaintiffs are participants in employer-sponsored health plans that provide benefits through Blue Cross. Under the terms of the plan booklets, each health plan was required to pay a benefit of 80% of major medical charges (after a deductible) up to certain out-of-pocket maximum amounts, thus leaving the plan participant to pay 20% of medical charges.[2]

Undisclosed to the plan participants, Blue Cross negotiated with health care providers for lower medical charges than the charges billed to the participants, decreasing the percentage of the total charges that Blue Cross paid and increasing the percentage that the plan participant paid. Blue Cross failed to disclose this practice of price negotiation to the plan participants and, instead, misled them into believing that Blue Cross was paying a higher sum that amounted to 80% of the total charges billed to the participants. Each plan participant who received benefits from the plan received an Explanation of Benefits ("EOB") from Blue Cross that listed the higher sum as the billed charge, rather than the lower negotiated charge. The billed charge was then deducted from the plan participant's "lifetime maximum."

In one such incident, plaintiff Jon Kish, an employee under the Mine Safety Appliance Co. Plan, received an EOB that concerned a bill for $4,496. (Exhibit 11, attached to plaintiff's opposition to defendant's motion for summary judgment). Under the terms of the plan, Blue Cross was to pay 80% of the charge (after the $100 deductible) which is indicated on the EOB as $3,516.80 and Mr. Kish was to pay 20%, or $879.20. Mr. Kish paid his copayment of $879.20 and later learned that Blue Cross paid the hospital only $999.04 for a total medical charge of $1,978.24. As a result, Mr. Kish was billed 49.5% of the medical charge rather than 20%. The other plaintiffs experienced similar treatment.

Count I of plaintiffs' complaint seeks to enforce the terms of the respective plans and recover benefits due under 29 U.S.C. § 1132(a)(1)(B). Count II asserts a claim against defendant for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) and (a)(3).

## IV

Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

---

1. The factual allegations of plaintiffs' consolidated class action complaint are virtually identical to the allegations of the original complaint.

2. The relevant language and terms of the three plans are virtually identical and, unless indicated otherwise, the three plans will be treated as identical.

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). The existence of a factual dispute between the parties will defeat an otherwise properly supported motion for summary judgment only if there is a "genuine" issue of "material" fact. *Id.* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

### V

*Failure to Exhaust Administrative Remedies*

Defendant asserts that summary judgment should be granted in its favor because plaintiffs have failed to exhaust administrative remedies under the terms of their respective plans.

The doctrine of exhaustion of administrative remedies is a judicially created doctrine. Under 29 U.S.C. § 1133, ERISA mandates that each plan provide an appeals procedure for denial of claims, but does not require that plan participants exhaust that procedure before bringing suit. Nevertheless, a court, generally, will not entertain a civil enforcement claim for denial of benefits under 29 U.S.C. § 1132(a) unless the party bringing the action first exhausts administrative appeals procedures. *Wolf v. National Shopmen Pension Fund*, 728 F.2d 182, 185 (3d Cir.1984).

■ In the present case, Count I of the complaint, a claim for enforcement of the terms of the respective plans and recovery of benefits due, is not an appeal of a denial of benefits. Each plan indicates that a plan

participant is required to follow the claim appeals process only if he wishes to appeal a denial of benefits. Plaintiffs do not claim that their benefits were wrongly denied; rather, they claim that they unknowingly paid excessive amounts for medical treatment due to defendant's undisclosed conduct. Because their claim is not an appeal from a denial of benefits, plaintiffs are not required to exhaust administrative remedies.

■ Even if Count I were characterized as an appeal of a denial of benefits, plaintiffs would not be obligated to exhaust the internal appeals process because defendant's failure to notify plaintiffs of any denial of benefits released plaintiffs from the duty to adhere to the internal procedure. *See Berger v. Edgewater Steel*, 911 F.2d 911, 916 n. 4 (3d Cir.1990); *Grossmuller v. International Union*, 715 F.2d 853, 857–58 (3d Cir. 1983). The failure to inform the plan participant of a denial of benefits would make it impossible for the participant to follow the appeal procedure of the plan.[3]

■ With respect to Count II of the complaint, a party claiming breach of a fiduciary duty under 29 U.S.C. § 1132(a)(2) or (a)(3) is not required to exhaust administrative remedies prior to bringing suit. *Zipf v. American Tel. & Tel.*, 799 F.2d 889 (3d Cir.1986); *Berger*, 911 F.2d at 916. Plaintiffs are not barred from bringing their claims for breach of fiduciary duty because of a failure to exhaust their administrative remedies.

*Blue Cross is a Proper Party Subject to Suit as a Fiduciary to the Plan*

■ Defendant's second ground for its summary judgment motion states that it is not a proper party to a claim for benefits under the enforcement provisions of ERISA. Parties who may bring a civil action under ERISA are identified by 29 U.S.C. § 1132(a). Those who are subject to such civil actions are not identified. There is no requirement that a claim for benefits be brought only against a plan. Moreover, 29 U.S.C.

---

**3.** The Giant Eagle Plan and Mine Safety Appliance Plan require that plan participants appeal a denial of benefits within 60 days of receipt of a notice of denial; the PNC Bank Plan requires an

appeal within 90 days of receipt of a written explanation of denial. All three plans require that the plan participants receive some clear notification that their benefits have been denied.

§ 1132(a) specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims. A claim for benefits may be made in a civil action against a party found to be a fiduciary under ERISA. *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir.1994).[4]

ERISA defines a plan fiduciary as follows:

### § 1002. Definitions

(21)(A) [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan ...

29 U.S.C. § 1002(21)(A).

The court determines as a matter of law whether a party is an ERISA fiduciary. *Libbey–Owens–Ford v. Blue Cross/Blue Shield*, 982 F.2d 1031 (6th Cir.1993), *cert. denied*, 510 U.S. 819, 114 S.Ct. 72, 126 L.Ed.2d 41 (1993). In ERISA cases involving plan duties similar to those undertaken by Blue Cross in the present case, the United States Court of Appeals for the Sixth and Seventh Circuits found Blue Cross to be a fiduciary. *See Id.; McNeilly v. Bankers United Life Assurance Co.*, 999 F.2d 1199 (7th Cir.1993). In another similar case, Blue Cross conceded that it was a plan fiduciary. *Hoover v. Blue Cross/Blue Shield*, 855 F.2d 1538 (11th Cir. 1988).

Here, the plan documents clearly indicate that Blue Cross exercises discretionary authority in the administration of the plans because it has the sole discretion to decide whether claims should be accepted or denied. Under the terms of all three plans, claims must be submitted to Blue Cross; Blue Cross processes the claims; Blue Cross notifies participants if a claim has been denied; and Blue Cross makes reimbursement payments if necessary. Blue Cross is a proper party in a claim for recovery of benefits and breach of fiduciary duty for it is an ERISA fiduciary as defined under 29 U.S.C. § 1002(21)(A).

Although 29 U.S.C. § 1132(a)(2) specifically authorizes recovery for breach of fiduciary duty only on behalf of the ERISA plan, the Supreme Court of the United States has held that an individual may seek recovery for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). *Varity Corp. v. Charles Howe et al.*, —— U.S. ——, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), 1996 U.S. LEXIS 1954. Similarly, 29 U.S.C. § 1132(a)(1) specifically permits a beneficiary to bring a civil action to recover benefits due to him. *See Mertens v. Hewitt Associates*, 508 U.S. 248, 252–253, 113 S.Ct. 2063, 2066–2067, 124 L.Ed.2d 161 (1993).

### Count II is a Claim of Breach of Fiduciary Duty

■ Defendant also moves for summary judgment on the basis that plaintiffs have failed to assert an appropriate claim for equitable relief under 29 U.S.C. § 1132(a)(3). Defendant asserts that Count II is simply an artful recharacterization of a claim for benefits and is premised upon an interpretation of the terms of the plan. Plaintiffs maintain that they seek equitable relief in the form of restitution under Count II, for their claim of breach of fiduciary duty based upon defendant's alleged misconduct.

A direct action for breach of fiduciary duty exists in the "other appropriate equitable relief" clause of 29 U.S.C. § 1132(a)(3). *Bixler v. Central Pennsylvania Teamsters*, 12 F.3d 1292 (3d Cir.1993). Under 29 U.S.C. § 1104(a)(1), a fiduciary is required to discharge his or her duties with respect to the plan solely in the interest of the plan partici-

---

4. In *Curcio*, the employer, Capital Health Systems, argued that it could not be held liable in a claim for benefits because it was neither the plan nor a fiduciary. The Court of Appeals concluded that the employer maintained sufficient discretionary authority and responsibility in the administration of the plan at issue to satisfy the statutory definition of a fiduciary set forth in 29 U.S.C. § 1002(21)(A)(iii), thus making it a proper party under ERISA.

pants. A breach of fiduciary duty claim must assert a willful violation of this duty.

Under Count II of plaintiffs' complaint, plaintiffs do not merely allege that the defendant has misinterpreted the plan; they state a separate and distinct claim that defendant has not discharged its fiduciary duties solely in the interest of the plan participants.

*Claim for "Appropriate Equitable Relief"*

■ Defendant asserts that in Count II of the complaint, plaintiffs improperly seek compensatory damages under 29 U.S.C. § 1132(a)(3) which permits only equitable relief. Plaintiffs maintain that they seek restitution from defendant, claiming that Blue Cross was unjustly enriched by its undisclosed misconduct.

Although equitable relief precludes awards of compensatory or punitive damages, a plaintiff, under Section 1132(a)(3) may seek injunctive relief or restitution of ill-gotten plan assets or profits. *See Mertens v. Hewitt Associates,* 508 U.S. at 252, 113 S.Ct. at 2066.

Plaintiffs have properly asserted a claim for restitution under 29 U.S.C. § 1132(a)(3). Under Count II, plaintiffs seek to require defendant to disgorge funds that were improperly paid by plaintiffs as a result of the undisclosed misconduct of defendant. Thus, plaintiffs seek an appropriate equitable remedy permitted under 29 U.S.C. § 1132(a)(3).

## VI

The motion of Blue Cross for summary judgment as to plaintiffs' ERISA claims will be denied.

An order follows.

### ORDER

AND NOW, this 5th day of September, 1996, in accordance with the foregoing memorandum, it is hereby ORDERED that the motion for summary judgment of defendant, Veritus, Inc., d/b/a Blue Cross of Western Pennsylvania, in the above-captioned consolidated actions be, and hereby is, denied.